Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| Luis Flores Díaz **Recurrente** Vs. Departamento de Corrección y Rehabilitación **Recurrido** | TA2026RA00215 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación Querella Núm. CDB-124-26 SOBRE: Remedio Administrativo |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2026.

El 27 de abril de 2026, el Sr. Luis Flores Díaz (señor Flores o el recurrente), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis*, y solicitó la revisión de una *Respuesta del Área Concernida/Superintendente* que se emitió el 30 de marzo de 2026 y se notificó el 14 de abril de 2026 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División de Remedios). Mediante el aludido dictamen, la División de Remedios le informó al recurrente que se le había enviado un correo electrónico a la oficina de Servicio de Aviso a Víctima sobre el Estatus del Recluso (SAVER) para conocer el estatus de la notificación a víctimas. Además, indicó que ya previamente se le había dado seguimiento al trámite del caso.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 12 de septiembre de 2023, el Comité de Clasificación y Tratamiento (CCT) refirió al señor Flores para una evaluación con el

propósito de determinar si cualificaba para programas de desvío y programas comunitarios. Posteriormente, el 5 de diciembre de 2024, la Secretaria Auxiliar de Programas y Servicios, la Sra. Janette Rodríguez Robles (señora Rodriguez), emitió un escrito intitulado *Evaluación Programa de Pre-Reinserción*, el cual fue notificado al recurrente el 14 de enero de 2025.[1] Mediante dicho escrito, se le informó que había sido evaluado para el Programa de Pre-Reinserción a la libre comunidad, conforme a la Orden Administrativa DCR-2023-03. Sin embargo, se indicó que la consideración del caso fue pospuesta debido a que se le requirió a la Oficina de SAVER una certificación acreditativa de la notificación a las partes perjudicadas.

Tras reiteradas solicitudes sin respuesta dirigidas a conocer el estado de su caso[2], el 27 de febrero de 2026, el señor Flores presentó una *Solicitud de Remedio Administrativo*.[3] En esta, solicitó que se emitiera una respuesta respecto a su integración al Programa de Pre-Reinserción de Arecibo, toda vez que había transcurrido un periodo considerable sin que se le notificara decisión alguna sobre el trámite de su caso.

Evaluada la solicitud, el 30 de marzo de 2026, la División de Remedios Administrativos emitió una *Respuesta de Área Concernida/Superintendente* la cual fue notificada al recurrente el 14 de abril de 2026.[4] Allí, se le informó que se le había remitido un correo electrónico a la oficina SAVER para conocer el estatus de la notificación a víctimas. Asimismo, se indicó que previamente ya se había dado seguimiento al trámite de su caso. Inconforme con este dictamen, el 27 de abril de 2026, el señor Flores presentó el recurso de epígrafe en el cual, en síntesis, nos solicitó que le ordenemos al

---

[1] *Véase*, Anejo 3 del apéndice del recurso.
[2] *Véase*, Anejos 4-6 del apéndice del recurso.
[3] *Véase*, Anejo 7 del apéndice del recurso.
[4] *Véase*, Entrada Núm. 2 del apéndice del recurso, SUMAC TA.

Departamento de Corrección y Rehabilitación (DCR o la recurrida) a que le remitieran una respuesta sobre su integración al Programa de Pre-Reinserción de Arecibo.

Atendido el recurso, el 28 de abril de 2026, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 15 de mayo de 2026 para presentar su postura. Oportunamente, el DCR por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en Cumplimiento de Resolución.* Sostuvo que la División de Remedios actuó correctamente al atender el remedio presentado por el recurrente, toda vez que dicha división no tenía facultad para emitir una determinación final sobre la elegibilidad de un confinado a programas de desvío o comunitarios, ya que esa autoridad le correspondía a la Oficina de Programas de Desvío y Comunitarios del DCR.

Argumentó que la División de Remedios cumplió con sus funciones al realizar gestiones con la oficina de SAVER para conocer el estatus de la notificación a las víctimas, trámite que había provocado la posposición del caso del recurrente. Así pues, sostuvo que la determinación impugnada fue conforme a derecho y a los procedimientos administrativos aplicables, por lo que debía ser confirmada.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

II.

**-A-**

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia

deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

El Reglamento Núm. 8583, conocido como *El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, aprobado el 4 de mayo de 2015 (Reglamento Núm. 8583), se promulgó con el propósito de crear un organismo administrativo que atendiera de manera efectiva los reclamos de la población correccional y velara por el cumplimiento las obligaciones y deberes impuestos al DCR por las leyes y reglamentos aplicables. Conforme a la Regla VI(1)(a) del referido reglamento, la División de Remedios es el organismo con jurisdicción para atender, entre otros asuntos, toda solicitud presentada por un miembro de la población correccional relacionada, directa o indirectamente, con incidentes que afecten su plan institucional. En ese contexto, el inciso 24 de la Regla IV del Reglamento define la solicitud de remedio como el recurso escrito presentado por un miembro de la población correccional respecto a una situación vinculada a su confinamiento que afecte su calidad de vida, seguridad y bienestar.

Una vez presentada la solicitud de remedio administrativo, corresponde a un evaluador de la División de Remedios emitir la respuesta correspondiente. A esos fines, la División de Remedios tiene el deber de realizar las gestiones necesarias para procurar la adecuada atención y resolución del planteamiento presentado por el miembro de la población correccional. Regla V (1)(c) del Reglamento Núm. 8583. De este modo, en aquellos casos en que el evaluador necesite información contenida en los expedientes sociales, criminales o médicos del confinado, o en cualquier otro documento oficial pertinente, el reglamento le faculta a solicitar certificaciones, interpretaciones o información relacionada con dichos expedientes. Regla XIII (1) del Reglamento Núm. 8583.

**-C-**

El Reglamento Núm.9488, conocido como *Reglamento del Programa Integral de Reinserción Comunitaria*, aprobado el 9 de agosto de 2023 (Reglamento Núm. 9488), tiene como propósito implantar la política pública de rehabilitación y reinserción social de la población correccional, conforme a la Sección 19 del Artículo VI de la Constitución de Puerto Rico y al Plan de Reorganización Núm. 2-2011. Art. II del Reglamento Núm. 9488. A esos fines, el reglamento establece un sistema de programas de desvío y reinserción comunitaria dirigido a facilitar que ciertos confinados puedan cumplir parte de su sentencia fuera de la institución correccional, bajo criterios y condiciones previamente establecidos por el DCR. Íd. Asimismo, procura promover un tratamiento individualizado y fortalecer los procesos de rehabilitación moral y social de las personas confinadas, fomentando así su eventual reincorporación a la libre comunidad sin menoscabar la seguridad pública. Íd.

En particular, el Art. V del referido Reglamento dispone el procedimiento mediante el cual el DCR podrá autorizar la participación de confinados elegibles en el Programa Integral de Reinserción Comunitaria. A esos efectos, el técnico de servicios sociopenales de la institución correccional tiene la responsabilidad de evaluar los expedientes de los candidatos para verificar si cumplen con los criterios establecidos, **asegurar que se haya realizado la notificación inicial a las víctimas del delito**, corroborar que el candidato cuente con aceptación del recurso familiar y someter el referido correspondiente al Jefe de Programas de Desvíos y Comunitarios, junto con la documentación pertinente. Art. V (2) del Reglamento Núm. 9488. Posteriormente, la Oficina de Programas de Desvíos y Comunitarios podrá referir el caso al Negociado de Comunidad para la realización de investigaciones en

la libre comunidad y, una vez completadas estas gestiones, el caso será evaluado para determinar la posible integración del confinado al Programa. Art. V (3) del Reglamento Núm. 9488.

III.

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. En ese ejercicio, debemos otorgar amplia deferencia a las determinaciones de las agencias administrativas. *Vázquez v. Consejo de Titulares*, supra. Por ello, este Tribunal intervendrá únicamente cuando la parte recurrente demuestre que la agencia actuó de forma arbitraria, irrazonable o ilegal, erró en la aplicación del derecho, o lesionó derechos constitucionales. *Torres Rivera v. Policía de PR*, supra, págs. 627-628. De no configurarse alguna de estas circunstancias, procede sostener la determinación administrativa. Íd.

A la luz de este marco normativo, examinamos la actuación de la División de Remedios del DCR. La Regla VI(1)(a) del Reglamento Núm. 8583, *supra*, faculta a la División de Remedios a atender las solicitudes de remedios administrativos presentadas por miembros de la población correccional relacionadas con su plan institucional y condiciones de confinamiento. Asimismo, impone a dicha División la responsabilidad de realizar las gestiones necesarias para atender y canalizar adecuadamente los planteamientos sometidos por los confinados, incluyendo la obtención de información pertinente de otros expedientes o agencias dentro del sistema correccional. Regla V(1)(c) y Regla XIII (1), Reglamento Núm. 8583, *supra*.

De igual forma, el Reglamento Núm. 9488, *supra*, establece el proceso para la evaluación y eventual integración de confinados a programas de desvío y reinserción comunitaria, el cual conlleva la

intervención de varias unidades administrativas, incluyendo evaluaciones sociopenales, verificaciones de notificación a víctimas y la correspondiente referida a la Oficina de Programas de Desvíos y Comunitarios para su análisis final. Art. V del Reglamento Núm. 9488, *supra.*

En el presente caso, surge del expediente que la División de Remedios no se apartó de sus funciones reglamentarias. Por el contrario, atendió el planteamiento del recurrente y canalizó el mismo conforme al esquema administrativo aplicable. Específicamente, la División de Remedios emitió una respuesta en la cual informó que se realizaron gestiones con la Oficina SAVER a los fines de verificar el estatus de la notificación a las víctimas, requisito indispensable dentro del proceso de evaluación para programas de reinserción comunitaria. Asimismo, se indicó que el caso del recurrente ya había sido objeto de seguimiento previo, evidenciando así la continuidad de las gestiones administrativas correspondientes.

Aunque la División de Remedios no ostenta autoridad para emitir determinaciones finales sobre la elegibilidad de confinados a programas de desvío o de reinserción, prerrogativa que recae en la Oficina de Programas de Desvíos y Comunitarios del DCR, ello no supone inacción administrativa ni una respuesta deficiente al planteamiento del recurrente. Por el contrario, dicha limitación funcional responde al esquema escalonado de evaluación establecido reglamentariamente, en el cual la División de Remedios funge como un ente de canalización, seguimiento y gestión de asuntos interagenciales dentro del sistema correccional.

En consecuencia, no surge del expediente prueba que derrote la presunción de corrección que cobija la determinación administrativa. Por lo tanto, conforme a la deferencia que debemos a las agencias administrativas, procede confirmar la determinación

recurrida, por ser una actuación razonable, fundamentada y conforme al derecho aplicable.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones